# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT A. WHITE** | : | **No. 3:10cv1426** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **JP MORGAN CHASE BANK, N.A.,** | : | |
| **as Indenture Trustee on behalf of the** | : | |
| **Noteholders and the Note Insurer of** | : | |
| **ABFS Mortgage Loan Trust 2000-4,** | : | |
| **Mortgage Backed Notes,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiff's motion to remand the case to the Court of Common Pleas of Schuylkill County, Pennsylvania (Doc. 7).

**Background**

This case arises out of a real-estate dispute over plaintiff's home in Pottsville, Pennsylvania. Plaintiff alleges that on January 24, 2008, Defendant J.P. Morgan Chase Bank ("Morgan") filed an action in the Court of Common Pleas of Schuylkill County seeking foreclosure on the property in question. (See Complaint (hereinafter "Complt."), exh. 1 to Notice of Removal (Doc. 1) at ¶ 4). Defendant Morgan asserted that the bank was the foreclosure trustee under the plaintiff's mortgage, and thus the proper party to assert rights under the mortgage against the plaintiff. (Id. at ¶ 5). Plaintiff alleges that Morgan had no such right, and was so informed by a preliminary objection. (Id. at ¶ 6). Despite this information, Morgan filed an amended complaint

which again asserted a right to foreclosure.  (Id. at ¶ 7).  Plaintiff again filed

objections, and Morgan filed a second amended complaint.  (Id. at ¶ 8-9).  Morgan's

action again forced plaintiff to file objections.  (Id. at ¶ 9).  Defendant then

discontinued the foreclosure action, which plaintiff alleges was filed without probable

cause and in an effort to obtain money to which defendant was not entitled.  (Id. at

¶¶ 10-11.

Plaintiff filed a complaint in the Schulykill Common Pleas Court.  The

complaint alleged that defendant's foreclosure action was the result of gross

negligence and sought damages in the form of attorney's fees and emotional

distress.  On July 9, 2010, Bank of New York Mellon ("Bank of New York" or "the

Bank"), representing itself as the successor in interest to Defendant Morgan, filed a

notice of removal in this court.  (Doc. 1).  The Bank alleged that there was diversity

between the parties and the amount in controversy exceeded $75,000, meaning that

this court had jurisdiction over the matter and removal was appropriate.  On July 13,

2010, the Bank filed an answer to the complaint, as well as a counterclaim and a

third party complaint.  (Doc. 3).

On August 6, 2010, plaintiff filed a motion to remand the case to the Common

Pleas Court in Schulykill County, bringing the case to its present posture.

**Legal Standard**

This case is before the court because defendant removed it from state court

pursuant to 28 U.S.C. § 1441(a), which gives a defendant the right to remove "any

2

civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, "[t]he propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 162 (1997).

**Discussion**

Plaintiff argues that he brought the lawsuit against J.P. Morgan Chase Bank, N.A, not the Bank of New York. The complaint alleged that Morgan was a corporation with a place of business in Florida, but did not state where the corporation was a citizen. Plaintiff argues that the Bank has improperly inserted itself into the case when it was never named as a defendant. Moreover, the Bank could not have been a defendant in state court, since the Bank did not play any role in the actions that injured him. Plaintiff does not dispute that diversity of citizenship may exist between himself and the Bank, but argues that this fact is immaterial, since JP Morgan is the named defendant.

The Bank is a New York corporation with its principal place of business in New York. (Notice of Removal at ¶ 7). The parties apparently agree that the amount in controversy exceeds $75,000. At issue, then, is whether the Bank is the proper party to the action, since plaintiff did not name the Bank in the state-court complaint. The notice of removal contends that the Bank of New York Mellon is "successor in interest" to the named defendant, and that the defendant is therefore "misnamed in the Complaint." (Id.). Plaintiff apparently feels that this representation is insufficient

3

to establish that the Bank is the proper defendant in this case. With reference to corporations, however, a "successor" is "generally . . . another corporation which, through amalgamation, consolidation, or other legal succession, becomes invested with rights and assumes burdens of [the] first corporation." BLACKS LAW DICTIONARY (4th Ed.). In Pennsylvania, "successor corporations must be prepared to answer for the acts of their predecessors. A successor which through a merger, consolidation or *de facto* merger is the corporate embodiment of its predecessor must not be permitted to immunize itself in a specific jurisdiction from the liabilities of its predecessor." Simmers v. American Cyanamid Corp., 576 A.2d 376, 390 (Pa. Super. Ct. 1990). As such, "when the successor is subject to the liabilities of its predecessor, the acts of a predecessor corporation may be attributed to its successor for the purposes of determining whether jurisdiction is proper." Id.

The Bank represents that it has stepped into JP Morgan's place, and has assumed its assets and liabilities. Indeed, the Bank has accepted service of the complaint and entered an appearance. Since the Bank admits that it will be liable for any judgment in this matter, the Bank is the proper defendant in this case and any actions of the predecessor corporation are attributed to the bank. As explained above, complete diversity exists between the parties. The amount in controversy exceeds the statutory threshold. The jurisdiction of this court is therefore proper, and the court will deny the motion to remand. An appropriate order follows.

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT A. WHITE | : | No. 3:10cv1426 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| JP MORGAN CHASE BANK, N.A., | : | |
| as Indenture Trustee on behalf of the | : | |
| Noteholders and the Note Insurer of | : | |
| ABFS Mortgage Loan Trust 2000-4, | : | |
| Mortgage Backed Notes, | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 19th day of August 2010, the plaintiff's motion to remand (Doc. 7) is hereby **DENIED**.

BY THE COURT:


s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

5