IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT A. WHITE,<br>    Plaintiff | : No. 3:10cv1426<br>:<br>: (Judge Munley)<br>: |
| v. | :<br>: |
| JP MORGAN CHASE BANK, N.A.,<br>as Indenture Trustee on behalf of the<br>Noteholders and the Note Insurer of<br>ABFS Mortgage Loan Trust 2000-4,<br>Mortgage Backed Notes,<br>    Defendant | :<br>:<br>:<br>:<br>:<br>: |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is Trustee Bank of New York Mellon's Motion for Summary Judgment.

**Background**

This case arises out of a real-estate dispute over plaintiff's home in Pottsville, Pennsylvania. Plaintiff alleges that on January 24, 2008, Defendant J.P. Morgan Chase Bank ("Morgan") filed an action in the Court of Common Pleas of Schuylkill County seeking foreclosure on the property in question. (See Complaint (hereinafter "Complt."), exh. 1 to Notice of Removal (Doc. 1) at ¶ 4). Defendant Morgan asserted that the bank was the foreclosure trustee under the plaintiff's mortgage, and thus the proper party to assert rights under the mortgage against the plaintiff. (Id. at ¶ 5). Plaintiff alleges that Morgan had no such right, and was so informed by a preliminary objection. (Id. at ¶ 6). Despite this information, Morgan filed an amended complaint

which again asserted a right to foreclosure. (Id. at ¶ 7). Plaintiff again filed objections, and Morgan filed a second amended complaint. (Id. at ¶ 8-9). Morgan's action again forced plaintiff to file objections. (Id. at ¶ 9). Defendant then discontinued the foreclosure action, which plaintiff alleges was filed without probable cause and in an effort to obtain money to which defendant was not entitled. (Id. at ¶¶ 10-11.

Plaintiff filed a complaint in the Schulykill Pennsylvania Court of Common Pleas. The complaint alleged that defendant's foreclosure action was the result of gross negligence and sought damages in the form of attorney's fees and emotional distress. On July 9, 2010, Bank of New York Mellon ("Bank of New York" or "the Bank"), representing itself as the successor in interest to Defendant Morgan, filed a notice of removal in this court. (Doc. 1). The Bank alleged that there was diversity between the parties and the amount in controversy exceeded $75,000, meaning that this court had jurisdiction over the matter and removal was appropriate. On July 13, 2010, the Bank filed an answer to the complaint, as well as a counterclaim and a third party complaint. (Doc. 3). The counterclaim seeks mortgage foreclosure and assumpsit against the Whites.

On August 6, 2010, plaintiff filed a motion to remand the case to the Common Pleas Court in Schulykill County. The court denied this motion. (See Doc. 10). The parties then engaged in discovery.

Discovery revealed that on September 19, 2000, Plaintiff Scott A. White and

2

his wife Deborah L. White (collectively "the Whites") signed and executed a promissory note payable to New Jersey Mortgage and Investment Corporation. (Trustee's Statement of Material Facts (Doc. 34) (hereinafter "Trustee's Statement") at ¶ 1). The note had a principal sum of $60,800.[1] To secure this note, the Whites executed and delivered a mortgage to New Jersey Mortgage and Investment Corporation. (Id. at ¶ 2). This mortgage was secured by real property located at 618 Mahantongo Street, Pottsville, Pennsylvania. (Id.). The mortgage was recorded on September 26, 2000. (Id. at ¶ 3). Trustee is the current owner and holder of the note and the mortgage, and the holder-in-due-course of the note. (Id. at ¶¶ 4-5). The Whites failed to make a payment on their loan due on July 5, 2007 and have not made any payments since. (Id. at ¶ 6). They are in default and have not cured that default. (Id. at ¶ 7). The trustee has elected to accelerate the loan and demand the entire amount due. (Id. at ¶ 8). As of February 16, 2011, plaintiffs owed $60,618.02 on the loan principal, plus $23,971.07 in interest, escrow charges of $4,600.16, and late charges and fees of $12,101.89. (Id. at ¶ 9). Their indebtedness totaled $101,291.14. (Id.). Plaintiff also owed interest fo $18.68 per diem plus any escrow advances after February 15, 2011. (Id.).

In September 2010 plaintiff and movant reached a settlement agreement. (Id. at ¶ 10). Plaintiff agreed to dismiss his claims in the instant matter as part of that

---

[1] Because the plaintiffs did not oppose the motion, the court accepts all facts alleged by the trustee as true.

agreement. (Id.). He has not done so, nor has he complied with another provision in the agreement that required the Whites to deed Bank of New York Mellon the property in question with clear title. (Id. at ¶ 12). That agreement provided that failure to deliver clear title to the Bank would place the Whites in default, allowing the Bank to take appropriate action. (Id.). The Whites failed to provide this deed to the Bank, and are in violation of the settlement agreement. (Id. at ¶ 13).

At the close of discovery the Bank filed the instant motion. The motion seeks summary judgment on plaintiff's claim and on the Bank's counterclaim. Plaintiff did not respond to the motion, despite being warned to do so by the court. This inaction brought the case to its present posture.

**Jurisdiction**

Plaintiff is a Pennsylvania citizen. Defendant is a New York resident with its principal place of business in New York. The amount in controversy exceeds $75,000. The court therefore has jurisdiction pursuant to 28 U.S.C. § 1332. The court is sitting in diversity, and the substantive law of Pennsylvania shall apply. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

The case is before the court on defendant's' motion for summary judgment. Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

4

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).

In this case, the trustee filed a motion  for summary judgment and statements of material facts, but the plaintiffs did not file a brief in opposition or a counterstatement of material facts.  The court ordered the plaintiffs to file their

5

materials in opposition to summary judgment, but they failed to do so. When a party fails to oppose a motion for summary judgment, the court, "before granting summary judgment . . . must first determine whether summary judgment is appropriate–that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." <u>Anchorage Assocs. v. V.I. Bd. Of Tax Review</u>, 922 F.2d 168, 175 (3d Cir. 1990). In making that determination, the court accepts "'as true all material facts set forth by the moving party with appropriate record support.'" <u>Id.</u> If the burden of proof on a relevant issue lies with the moving party, "this means that the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." <u>Id.</u> If the burden of proof lies with the non-moving party, "the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." <u>Id.</u>

**Discussion**

The Bank seeks summary judgment on plaintiff's claim and on the Bank's counterclaims. The court will address each in turn, as appropriate.

**i. The Bank's Counterclaim**

The Bank's counterclaim against the defendant is for foreclosure. In Pennsylvania, a mortgage foreclosure complaint must provide "(1) the parties to and date of the mortgages; (2) a description of the property subject to the mortgages; (3) the names, addresses, and interests in the properties of the defendants in the action;

6

(4) a specific averment of default; (5) an intemized statement of the amount due; and (6) a demand for judgment." Mellon Bank, N.A. v. Pasqualis-Politi, 800 F. Supp. 1297, 1299-1300 (W.D. Pa. 1992) (quoting Pa. R. Civ. P. 1147); In re Randall, 358 B.R. 145, 156 (E.D. Pa. 2006) (same). "Summary judgment is properly granted in mortgage foreclosure actions where the mortgagor admits that he is delinquent in mortgage payments." First Wis. Trust Co. v. Strausser, 653 A.2d 688, 694 (Pa. Super. Ct. 1995); See also, Cunningham v. McWilliams, 714 A.2d 1054, (Pa. Super. Ct. 1998) ("In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount.").

As explained above, the Smiths have not filed any counterstatement of material facts. The facts alleged by the Bank are therefore all admitted as true. The facts establish that the Whites entered into a note for $60,800 in September 2000 with the New Jersey Mortgage and Investment Corporation, which was secured by a mortgage on the property here in question. The Bank is now the holder in due course of the note. Plaintiff has not made payments on the note since July 5, 2007, and are thus in default. He owes more than $60,000 on the note, in addition to various charges for interest, escrow and fees. As of the date the Bank filed the instant motion, plaintiff owes $101,291.14, in addition to interest accrued since that period. The Bank has thus proved each element of the foreclosure action and is

7

entitled to summary judgment on that counterclaim. The court will therefore grant the Bank summary judgment on the defendant's counterclaim.

### ii. Plaintiff's Claim

The defendant also argues that the court should grant defendant summary judgment on plaintiff's claims. The parties reached a settlement agreement in 2010 which required plaintiff to dismiss the claims against the Bank in this matter. Plaintiff has not done so, and the bank contends that plaintiff's failure to dismiss the claim as required by the agreement should lead to summary judgment on plaintiff's claims. An affidavit attached to the Bank's brief in support of this matter indicates that this agreement exists, but is covered by a confidentiality clause. (See Affidavit of Gina Johnson, Ex. C. to Brief in Support (Doc. 34)).

The court will grant the Bank's motion in this respect as well. Accepting all of the facts alleged by the Bank as true, the court concludes that an agreement to dismiss the complaint with prejudice exists. The plaintiff has offered no evidence to refute the existence of the agreement, and the plaintiff's failure, despite orders from the court, to respond to the Bank's motion indicates plaintiff's lack of objection to the motion. The court will therefore grant the motion for summary judgment

**Conclusion**

For the reasons stated above, the court will grant the Bank's motion. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT A. WHITE** : | No. 3:10cv1426 |
|     **Plaintiff** : | |
| : | (Judge Munley) |
| : | |
|     v. : | |
| : | |
| **JP MORGAN CHASE BANK, N.A.,** : | |
| **as Indenture Trustee on behalf of the** : | |
| **Noteholders and the Note Insurer of** : | |
| **ABFS Mortgage Loan Trust 2000-4,** : | |
| **Mortgage Backed Notes,** : | |
|     **Defendant** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 27th day of July 2011, the Bank of New York Mellon's motion for summary judgment (Doc. 34) is hereby **GRANTED**.  As such:

    1.  Summary judgment is granted to the defendant on plaintiff's claims;

    2.  Judgment is entered in favor of the Bank and against Scott A. White on the Bank's counterclaim and in favor of the Bank on the Bank's third-party claim against Deborah L. White a/k/a Deborah L. White Spangler on the Bank's claims in assumpsit and in mortgage foreclosure;

    3.  Judgment is entered in favor of the Bank of New York Mellon and against Scott A. White and Deborah L. White on the Bank's Count in Assumpsit for a total of $101,291.14, as follows:

        a. Principal of $60,618.12;

        b.  Interest of $23,971.07;

Case 3:10-cv-01426-JMM   Document 46   Filed 07/27/11   Page 10 of 10

   c.  Escrow advances of $4600.16;

   d.  Late charges and fees of $12,101.89;

In addition, per diem interest of $18.68 and any escrow advances after February 15, 2011 plus any additional costs and fees shall be added to the judgment; and

  4.  Judgment is entered in favor of the Bank of New York Mellon and against Scott A. White and Deborah L. White *in rem* in mortgage foreclosure of the sale of the property at 618 Mahantogo Street, Pottsville, Pennsylvania for a total of $101, 291.14, as follows:

   a.  Principal of $60,618.12;

   b.  Interest of $23,971.07;

   c.  Escrow advances of $4600.16;

   d.  Late charges and fees of $12,101.89;

  5.  The Clerk of Court is directed to **CLOSE** the case.

             **BY THE COURT:**

             **s/ James M. Munley**
             **JUDGE JAMES M. MUNLEY**
             **United States District Court**

10